IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLEIGH SERAFIN and CARA ROWLAND,<br><br>*Plaintiffs,*<br><br>v.<br><br>TARGET CORPORATION,<br><br>*Defendant.* | Civil Action No. 2:22-cv-1538<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiffs filed a putative class action in the Court of Common Pleas of Allegheny County, Pennsylvania (Case No. GD-22-012004), which Defendant Target Corporation ("Target") removed to this Court. (ECF No. 1). Plaintiffs claim that Target violated the Pre-Sale Availability Rule promulgated under the Magnusson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA"). Plaintiffs have moved to remand the action to state court. Because the Court is deprived of subject matter jurisdiction over Plaintiffs' claim by the plain language of the MMWA, Plaintiffs' Motion for Remand (ECF No. 12) will be granted.[1]

---

[1] Federal district courts do not have unlimited jurisdictional authority because they hold "only that power authorized by the Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted). Congress has authorized the federal district courts to exercise "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The propriety of removal . . . depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (citation omitted). The presence of subject matter jurisdiction is always required, and it can neither be waived nor forfeited. *Gonzales v. Thaler*, 565 U.S. 134, 141 (2012). The party asserting federal jurisdiction in a removal case bears the

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

As this is an unpublished memorandum opinion intended only for the parties, the Court will address only those facts pled in the complaint relevant to its consideration of the issue of its subject matter jurisdiction. The complaint names only two plaintiffs, Kayleigh Serafin and Cara Rowland, both residents of the Commonwealth of Pennsylvania. (ECF No. 1-1, p. 10). The complaint pleads that Target is "based in the State of Minnesota." (*Id.*). The complaint asserts only one count that alleges a violation of the MMWA due to Target's alleged failure to "display product warranties in close proximity to the relevant product, or place signs, reasonably calculated to elicit consumers' attention, in prominent locations in the store or department advising consumers of the availability of warranties upon request." (ECF No. 1-1, p. 20).

Target's Notice of Removal asserts that the Court has subject matter jurisdiction based on diversity of citizenship. (ECF No. 1). Specifically, it claims that the Class Action Fairness Act of 2005 ("CAFA") provisions of 28 U.S.C. § 1332 serve as a basis for subject matter jurisdiction.[2] The Notice asserts: "Target satisfies all jurisdictional requirements under CAFA because this case is a putative class action in which: (1) there are more than 100 members in the proposed putative class; (2) members of the putative class are citizens of states different than that of Target; and (3) based upon the allegations in the Complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs." (ECF No. 1, p. 3).

---

burden of showing, at all stages of the litigation, that the case is properly before the federal court. *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

[2] Federal district courts have jurisdiction over such cases under CAFA when (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; (2) there are at least 100 members of the class; and (3) "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6).

Plaintiffs filed the instant Motion to Remand asserting that the plain language of the MMWA divests the Court of jurisdiction over their claim because the complaint names only two plaintiffs, rather than the one hundred required for jurisdiction on claims arising under the MMWA. (ECF No. 12). Target, in its Response in Opposition to Plaintiffs' Motion to Remand, argues that CAFA provides an independent basis of jurisdiction and that the MMWA permits the exercise of jurisdiction over Plaintiffs' claim. (ECF No. 17).

## II.   ANALYSIS

This is one of a number of cases presenting questions relating to the interaction of the MMWA and CAFA decided recently in this district. *See Rowland v. Helen of Troy Ltd.,* Civil Action No. 2:22-cv-1495, 2022 WL 18715775 (W.D. Pa. Dec. 27, 2022) and 2023 WL 1996691 (W.D. Pa. Feb. 14, 2023); *Zortea v. Costco Wholesale Corp.*, Civil Action No. 2:22-cv-1316, 2023 WL 1970579 (W.D. Pa. Feb., 13, 2023). The esteemed judges in those cases concluded that the MMWA divests a district court of jurisdiction unless its strict requirement that a claim name at least 100 plaintiffs be met. The Court agrees with the determinations of its learned colleagues. For the reasons set forth below, the Court holds that the MMWA divests it of jurisdiction over Plaintiffs' claim, and the provisions of CAFA do not supersede that divestiture.

### A.   The statutory language of the MMWA divests the Court of jurisdiction over Plaintiffs' claim.

The MMWA provides limited jurisdiction for a federal district court to hear a case arising out of an alleged violation of the Act:

> **(d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims**
>
> (1) Subject to subsections (a)(3) and (e), a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty,

>
> or service contract, may bring suit for damages and other legal and equitable relief—
>
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. § 2310(d)(1) (emphasis in original). Subsection (a)(3), referenced in the jurisdictional provisions, relates to the ability of a warrantor to establish an informal dispute settlement procedure. 15 U.S.C. § 2310(a)(3). Subsection (a)(3) is not implicated by this case. Nor is Subsection (e), which relates to providing an opportunity to cure in certain circumstances. 15 U.S.C. § 2310(e). Subsection (d)(1)(B) conditions federal district court jurisdiction on the satisfaction of the requirements of Subsection (d)(3), which provides:

> (3) *No claim shall be cognizable* in a suit brought under paragraph (1)(B) of this subsection—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3) (emphasis added).

The Court's review of Section 2310 leads it to the same conclusion as the other judges in this district—that the MMWA divests it of jurisdiction over this action. First, this is not "any court of competent jurisdiction in any State or the District of Columbia" as referenced in Subsection (d)(1)(A). "Any court of competent jurisdiction" cannot refer to a federal district court because such courts are specifically addressed in Subsection (d)(1)(B). This would render

4

the provisions of Subsection (d)(1)(B) mere surplusage, which is impermissible under generally accepted canons of statutory construction. *United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020). In other words, there would be no need for Subsection (d)(1)(B) if Subsection (d)(1)(A) applies to federal district courts. After all, every federal district court is located in "any State or the District of Columbia." 15 U.S.C. § 2310(d)(1)(A). The presence of the language specifically concerning federal district courts at Subsection (d)(1)(B) mandates that terms of Subsection (d)(1)(A) be interpreted as only applying to the courts of the States and the District of Columbia.

The plain language of Section 2310 conditions federal court jurisdiction over MMWA claims on compliance with provisions of Subsection (d)(3). Indeed, the statute makes clear that "**[n]o claim shall be cognizable**" if any of the three factors listed in Subsections (d)(3)(A) through (C) are present. 15 U.S.C. § 2310(d)(3) (emphasis added). Plaintiffs do not assert any individual claims for damages in this case. Thus, Subsections (A) and (B) do not apply. Further, the complaint does not name one hundred or more plaintiffs. As such, *all three* of the factors enumerated at Section 2310 (d)(3)(A) through (C) are present. Therefore, Plaintiffs' claim is not "cognizable" in this Court and removal is inappropriate.

    **B.    The provisions of CAFA cannot be cited to circumvent the divestiture of jurisdiction effectuated by the MMWA.**

Target argues that the jurisdictional provisions of the MMWA are superseded by the CAFA provisions of 28 U.S.C. § 1332, which provide an independent basis for jurisdiction. (ECF No. 17, p. 4 *et seq.*). Target observes that both as a general matter and specifically under CAFA, diversity jurisdiction may extend to cases where there is no basis for federal question jurisdiction. In *Rowland* and *Zortea* that argument failed in this district. It will, likewise, be

rejected here. The Court holds that diversity jurisdiction under CAFA cannot supersede the divestiture of jurisdiction effectuated by Section 2310 of the MMWA.

The United States Court of Appeals for the Third Circuit has not addressed this issue. Nevertheless the Court—as did the judges in *Rowland* and *Zortea*—finds instructive and persuasive the decision of the United States Court of Appeals for the Ninth Circuit in *Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027 (9th Cir. 2020). There, the Ninth Circuit explained that the provisions of CAFA are not irreconcilable with those of the MMWA and that they must be read in harmony, rather than as an occasion of *de facto* repeal. The Ninth Circuit's analysis is on all-fours with the issue before the Court in this case. It explained:

> The text is clear that a requirement for an MMWA class action in federal court is at least one hundred named plaintiffs. Here, Plaintiffs name only three individuals, but argue that, by satisfying CAFA requirements, they are relieved of the MMWA's obligation to name at least one hundred plaintiffs. Plaintiffs therefore posit a conflict between the two statutes and argue that CAFA has impliedly repealed MMWA's numerosity requirements.
>
> However, "repeals by implication are disfavored," and when two statutes are "capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1017–18, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984) (quoting *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 133–34, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974)). "When confronted with two Acts of Congress allegedly touching on the same topic, this Court is not at 'liberty to pick and choose among congressional enactments' and must instead strive 'to give effect to both.'" *Epic Sys. Corp. v. Lewis*, —— U.S. ——, 138 S. Ct. 1612, 1624, 200 L.Ed.2d 889 (2018) (quoting *Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974)). "Our rules aiming for harmony over conflict in statutory interpretation grow from an appreciation that it's the job of Congress by legislation, not this Court by supposition, both to write the laws and to repeal them." *Id.*
>
> The MMWA's federal-claim requirements of one hundred named plaintiffs for a class action and an amount in controversy of $25 individually and $50,000 in the aggregate stand in marked contrast to CAFA's jurisdictional requirements for *diversity actions*: an amount in controversy exceeding $5,000,000 exclusive of interest and costs, numerosity (at least one hundred plaintiffs who need not all be named), and minimal diversity. *See* 28 U.S.C §

1332(d); Fed. R. Civ. P. 23; *cf.* 28 U.S.C. § 1332(a) (original jurisdiction of district courts over civil actions with diversity of citizenship and amount in controversy exceeding $75,000 exclusive of interest and costs). In other words, CAFA allows certain claims to proceed under diversity jurisdiction, while the MMWA provides for a distinct claim to be brought in federal court for certain state-law warranty violations. *See In re Sony Grand Wega*, 758 F. Supp. 2d 1077, 1101 (S.D. Cal. 2010) ("The Magnuson-Moss Act provides a federal cause of action for state law express and implied warranty claims").

The two statutes would have to present an irreconcilable conflict to overcome the strong presumption against implied repeals. *See J.E.M. AG Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 141–42, 122 S.Ct. 593, 151 L.Ed.2d 508 (2001). **But the statutory language of the MMWA and of CAFA is not irreconcilable—the MMWA simply prevents claims under that Act from proceeding in federal court absent the satisfaction of certain jurisdictional prerequisites.** *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976) ("It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum."). **We can easily give effect to that command and apply CAFA in all other cases.**

*Id.* at 1034–35 (emphasis added). The Ninth Circuit concluded that "CAFA does not demonstrate any intent by Congress to repeal or alter parts of the MMWA's jurisdictional requirements. Therefore, CAFA may not be used to evade or override the MMWA's specific numerosity requirement." *Id.* at 1035.

Following the instructive reasoning of Ninth Circuit in *Floyd*, United States District Judge Marilyn J. Horan's decision in *Zortea* explained:

> If CAFA or Diversity substitutes for the MMWA's § 2310 express requirements for claims and court jurisdiction, such would effectively nullify § 2310(d)(1)(B) and its federal court limitations, thereby defeating MMWA's federal court statutory scheme that has been untouched by Congress since its enactment. Congress intended that MMWA class actions meet specified prerequisites for claim cognizability to qualify claims for federal court jurisdiction. When it enacted CAFA, Congress could have addressed this jurisdictional issue with regard to class actions and the MMWA, but it did not.

*Zortea*, 2023 WL at *7. This position is firmly premised on sound statutory construction principles. It has become the prevailing position since *Floyd* was decided. As United States

7

Magistrate Judge Patricia Dodge explained in her Report and Recommendation in *Rowland*, which was later adopted by United States District Judge Cathy Bissoon,[3] "since *Floyd*, every district court in the Third Circuit that has addressed the issue has found that CAFA does not allow plaintiffs to pursue a MMWA claim where the three conditions under § 2310(d)(3) are not met." *Rowland*, 2022 WL 18715775, *3 (citing *Klavon v. BMW of N.A., LLC*, Civ. No. 20-1547, 2022 WL 1830797 at *4 (D.N.J. June 2, 2022) (noting that every court in the District of New Jersey has followed *Floyd* since it was decided); *Talley v. GM, LLC*, Civ. No. 1:20-cv-01137, 2021 WL 7209448, at *5-7 (D.Del. Nov. 26, 2021) (finding that plaintiff's cause of action stems from the MMWA, therefore plaintiffs "cannot rely on CAFA for a cause of action because that law gives only jurisdiction.")).

The Court agrees with the analysis expressed in *Floyd* (and, locally, in *Zortea* and *Rowland*) that CAFA does not supersede the jurisdictional language of the MMWA. While the provisions of CAFA have broad general application, they do not apply to the narrow class of putative class actions arising under the MMWA. The plain language of Section 2310 of the MMWA evidences a specific intent by Congress to limit class actions asserting violations of the Act where any of the three prongs of Subsection (d)(3) are implicated. Where one of those factors is present, Congress unequivocally provided that the claim proceed in a "court of competent jurisdiction in any State or the District of Columbia." 18 U.S.C. § 2310(d)(1)(A). The Court will not read the general provisions of CAFA in a manner that nullifies the specific terms of the MMWA.

---

[3] *Rowland v. Helen of Troy Ltd.*, Civil Action No. 2:22-cv-1495, 2023 WL 1996691 (W.D. Pa. Feb. 14, 2023) (adopting the magistrate judge's report and recommendation, incorporating by reference the decision in *Zortea*, and emphasizing Judge Horan's analyses regarding "cognizability.").

### III. CONCLUSION

For the reasons set forth above, the Court lacks jurisdiction over Plaintiffs' action. This case is not eligible for removal. Plaintiffs' Motion to Remand will be granted, and this case will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania. Orders of Court will follow.

BY THE COURT:

*/s/ William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Dated: March 9th, 2023